Filed 12/20/24  In re E.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| In re E.C., a Person Coming Under the Juvenile Court Law. | C101036 |
| TEHAMA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>B.P.,<br><br>        Defendant and Appellant. | (Super. Ct. No. 23JU000048) |

Appellant, mother of the minor E.C. (mother), appeals from the juvenile court's order terminating parental rights.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother claims the Tehama County Department of Social Services (Department) failed to fulfill its duties of inquiry and notice as required by the Indian Child Welfare Act of 1978 (ICWA) (25

_____

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

U.S.C. § 1901 et seq.). Specifically, mother argues the Department prejudicially erred in failing to comply with the ICWA's affirmative and continuing duty of inquiry by failing to interview the minor's paternal and maternal relatives regarding the minor's possible Indian heritage. Mother also argues the juvenile court erred in finding that the ICWA did not apply.

The Department concedes that the record on appeal does not affirmatively resolve whether it made the requisite ICWA inquiries of extended family members, or whether the notices sent to the tribes were ICWA-compliant, and does not oppose limited remand for further ICWA proceedings.

We agree that remand is the appropriate course. Accordingly, we will conditionally reverse the orders of the juvenile court and remand for further compliance with the ICWA.

## I. BACKGROUND

Because the issues on appeal are limited to compliance with the ICWA, we dispense with a detailed recitation of the underlying facts and procedural history.

The Department filed a dependency petition on behalf of the minor pursuant to section 300, subdivisions (b), (g), and (j), on May 22, 2023. At that time, the social worker asked mother whether she had any known Indian ancestry. Mother gave the social worker no reason to believe the minor was or might be an Indian child. J.C., father of the minor (father), could not be located but mother stated he did not have Indian ancestry either.

Mother and father both appeared at the jurisdiction hearing on May 23, 2023. The court questioned the parents regarding Indian ancestry. Again, mother denied any Indian heritage. Father stated there was a possibility of ancestry through a tribe in Oklahoma but could not provide any further details. The court ordered the Department to follow up. Thereafter, father filed a parental notification of Indian status form (ICWA-020) stating a member of his family, E.W.C., is or was a member of a federally recognized tribe, and

2

that the paternal grandfather and the paternal great-grandfather were enrolled in a "tribe from Oklahoma." Attached to the ICWA-020 form was an ICWA questionnaire that contained the names of the paternal grandmother, grandfather, and great-grandparents, and the birthdates of some but not all of those individuals. Mother subsequently filed an ICWA-020 form confirming she had no known Indian ancestry.

The following month, the Department reported that mother had no Indian ancestry, father had not been able to obtain any additional information regarding possible Indian ancestry from the paternal grandfather, and there was no reason to believe the ICWA applied. The juvenile court ordered the Department to continue to research the ICWA issue as to the paternal grandfather and great-grandfather.

On July 11, 2023, the court found the ICWA does not apply.

On August 22, 2023, the Department filed notices of child custody proceedings for Indian child (form ICWA-030). The ICWA notices contained information regarding mother and father but no information about any paternal relatives. The notices were sent to 10 Sioux Tribes, three Cherokee Tribes, and the Bureau of Indian Affairs. The Department also filed replies from the responding tribes stating the minor was neither a member nor eligible for membership and therefore was not an Indian child for purposes of the ICWA.

In November and December 2023, the Department reported father's whereabouts were unknown. He was served with notice of the upcoming section 366.26 hearing by publication.

On April 16, 2024, the juvenile court denied mother's oral section 388 petition to reinstate reunification services and terminated parental rights.

## II. DISCUSSION

Mother contends the Department failed to investigate possible Indian ancestry through the minor's paternal relatives, particularly the paternal grandfather and great-grandfather who father claimed were affiliated with a tribe in Oklahoma, and through the

3

maternal relatives despite her denial of Indian heritage.  She claims the Department's inadequate inquiry resulted in deficient ICWA notices and an erroneous finding by the juvenile court that the ICWA did not apply.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings.  [Citations.]  A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' "  (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.)  Child welfare agencies and juvenile courts "have an affirmative and continuing duty" in every dependency proceeding to determine whether ICWA applies by inquiring whether a child is or may be an Indian child.  (§ 224.2, subd. (a).)  This " 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' "  (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1132.)  This duty of inquiry "continues throughout the dependency proceedings." (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.)

"When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required.  (§ 224.2, subd. (e); see also [Cal. Rules of Court,] rule 5.481(a)(4).)"  (*In re Dezi C., supra*, 16 Cal.5th at p. 1132, fn. omitted.)  "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes.  (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)"  (*Id.* at p. 1133.)

A juvenile court must make a finding whether the ICWA applies.  (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966; *In re E.W.* (2009) 170 Cal.App.4th 396, 403.)  A juvenile court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence."  (§ 224.2, subd. (i)(2).)  Its "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially

4

discretionary function' [citation] subject to a deferential standard of review." (*In re Dezi C., supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

Here, the record is devoid of any evidence that the Department conducted any research or made any inquiry regarding the ICWA issue as to the paternal grandfather or the paternal great-grandfather despite twice being ordered to do so by the juvenile court. However, we need not belabor the point because the Department does not dispute mother's claim. Rather, it concedes the record on appeal does not provide sufficient information to demonstrate it conducted the requisite ICWA inquiries of either the paternal or maternal extended family members.

In light of the Department's concession, we will remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA. Given our conclusion that the matter must be remanded for limited ICWA proceedings, we need not address mother's claim that the juvenile court abused its discretion in finding the ICWA did not apply.

### III. DISPOSITION

The juvenile court's orders terminating parental rights are conditionally reversed. On limited remand, the juvenile court shall order the Department to comply with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and the ICWA does not apply, the orders shall be reinstated. If, however, the juvenile court concludes the ICWA applies, the

juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions.

/S/

---
RENNER, J.


We concur:


/S/

---
ROBIE, Acting P. J.


/S/

---
FEINBERG, J.